1
2
3
4
5
6

7  **David Young de ("de" means "of the Family") God**
8  **In Care of: 688 Reeves Drive, Lot A**
9  **Fort Walton Beach, Florida 32547**
10 **Telephone 850-612-6734 Email: ASecretToMoney@gmail.com**

11

12  **IN THE ARTICLE III DISTRICT COURT OF THE UNITED STATES**
13  **NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION**

14

| **David Young de God** | **Case No.** 3:21 CV 919 TKW-HTC |
|---|---|
| **Personal Persona/Claimant/Plaintiff** | **Demand for Federal Damages, Seizure, Takeover, and Turnover Enforcement of National LAMP common law arbitration award judgement and arbitration declaration judgement with Final Order Judgement and Writ of Execution for Enforcement pursuant to the 1925 Federal Arbitration Act. 9 U.S. Code §12; 9 U. S. C. §2** |
| **v.** | |
| **CHARLES W. SCHARF; acting CEO/ President in his private, public, and OFFICIAL/CORPORATE CAPACITY, and WELLS FARGO BANK, N.A.** | |
| **DEFENDANTS/RESPONDENTS** | |

15
16

17      **In this Federal Constitutional Article III Court of Record in Exclusive common law**

18  **of the land, Personal Persona/Claimant/Plaintiff requests and alleges as follows:**

19                                    **I. INTRODUCTION**

20          This legal arbitration award and declaration judgements exceed the 90 day time-barred

21  period **9 U.S. Code §12** and U.C.C. 1 liens **(EXHIBIT "C")** have been registered; therefore,

22  RESPONDENTS/DEFENDANTS cannot rebut, make motions, litigate, or make any demands of

23  any court and shall not argue, controvert, oppose, or otherwise protest ANY of the facts already

24  agreed upon by the parties set and established by the Legally Binding National Arbitration Award

25  Judgment Terms and Arbitration Declaration Judgment Terms final order herein **(EXIBITS "A"**

26  **and "B")** at any time as all Parties have agreed to LAMP National Arbitration Judgements and a

27  final judgement order with Writ of Execution for Federal United States Marshal and/or any County

28  Sheriff in all States including Federal UNITED STATES OF AMERICA STATE OF

29  CALIFORNIA and STATE OF FLORIDA for Seizure, Takeover, and Turnover Enforcement of

30  all Defendant(s) National/Federal assets in all States shall be written and not refused by this Court

31  pursuant to law in a timely manner to ensure Plaintiff is paid in full the amount of $187,400,000.00

32  (One Hundred Eighty-Seven Million Four Hundred Thousand Dollars and no cents) pursuant to

33  the legal and binding final National Arbitration Award Judgement Terms and Arbitration

34  Declaration Judgement Terms. Arbitration, pursuant to the Federal common "law of the land"

35  Arbitration Judgement whose Presidential Constitutional Arbitration authority and the territorial

36  Federal United States of America Article III Supreme Court rulings of the United States of

37  America pursuant to the territorial Federal common "law of the land" is equal to and supreme to

1  any Federal or State Court Judge in Summary Final Order Judgment, having; thus, provided
2  remedy in this settled matter of dispute with a final judgement order for enforcement and a Writ
3  of Execution for the binding National LAMP Arbitration Award Judgement Terms and Arbitration
4  Declaration Judgement Terms to be carried out and enforced in any and all states by any county
5  sheriff or United States Marshal by seizure, takeover, and turnover to Plaintiff as Plaintiff's
6  Property until all debt money owed has been transferred to Plaintiff bank account by defendant(s).

7  ## 2. BACKGROUND

8      In 1925, Congress passed and President Coolidge signed the Federal Arbitration Act
9  making arbitration the judgement fully enforceable without any territorial court order from a
10  judge. As relevant here, the Act provides: "A written provision in . . . **a contract evidencing a**
11  **transaction involving commerce to settle by arbitration a controversy thereafter arising out**
12  **of such contract . . . shall be valid, irrevocable, and fully enforceable,** save upon such
13  grounds as exist at law or in equity for the revocation of any contract." **9 U. S. C. §2**. **No party**
14  **has sought to vacate or modify the valid and binding contract Final National Arbitration**
15  **Award Judgement (Terms) and National Arbitration Declaration Final Judgement within**
16  **six (6) month time frame; wherein, the Defendants/Respondent(s), Plaintiff/Claimant, and**
17  **all Courts are now time-barred (9 U.S. Code §12)**.

18      The **Federal Arbitration Act** allows parties to agree by contract that an arbitrator, rather
19  than a court and without a Court Judge or Clerk Writ of Execution, will resolve threshold
20  arbitrability questions as well as underlying merits disputes. **Rent-A-Center, West, Inc. v.**
21  **Jackson**, 561 U. S. 63, 68–70 (2010); First Options of **Chicago, Inc. v. Kaplan**, 514 U. S. 938,
22  943–944 (1995).

23      No court, police, sheriff, Public official under oath of public office who are sworn to
24  support; protect, and enforce all constitutions, or any other State or Federal law enforcement
25  officials are at liberty to rewrite or change the statute passed by Congress and signed by the
26  President. When the parties' contract delegates the arbitrability question to an arbitrator, the
27  courts and all third parties or law, statute, code, rules, regulations, policy enforcement agencies,
28  or previous court cases to the contrary are involved must respect the parties' decision as
29  embodied in the Arbitration Award Judgement contract and must confirm and enforce the award
30  in a timely manner without question or litigation in any court.

31      Under the Act, arbitration is a matter of contract and courts, through the respective clerk
32  of courts and law enforcement agencies, must enforce arbitration contracts according to their
33  terms. Plaintiff asks this court and sheriff of any State and/or U.S. Marshal to enforce this Final
34  Arbitration Award Judgement in a timely manner according to the legal, binding final Arbitration
35  Award Agreement Judgment Terms, Arbitration Declaration Judgment Terms with the perfected
36  recorded and registered U.C.C. 1 as a financial blanket commercial lien. "The FAA operates on
37  this additional arbitration agreement just as it does on any other." **Rent-A-Center**, 561 U. S., at
38  70.

1    All courts and law enforcement agents must interpret the Act as written, and the Act in
2    turn requires that the courts and law enforcement interpret the contract and arbitration award
3    final Judgment as written without any third party venue intervention under the Federal United
4    States of America constitutional common law of the land.

5    When the parties' contract delegates the arbitrability question to an arbitrator, neither a
6    court, Attorneys, nor any law enforcement officials or agents may not override the contract. **No**
7    **court or law enforcement agents possesses power to decide the arbitrability issue**. That is
8    true even if the court or law enforcement agents thinks that the argument that the arbitration
9    agreement applies to a particular dispute is wholly groundless. **AT&T Technologies, Inc. v.**
10   **Communications Workers**, 475 U. S. 643, 649–650 **HENRY SCHEIN, INC. v. ARCHER &**
11   **WHITE SALES, INC**.

12   No court, attorney, or law enforcement agents may "rule on the potential merits of the
13   underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to
14   be frivolous." **AT&T Technologies, Inc. v. Communications Workers**, 475 U. S. 643, 649–
15   650 (1986). A court has "'no business weighing the merits of the grievance'" because the
16   "'agreement is to submit all grievances to arbitration, not merely those which the court will deem
17   meritorious.'" Id., at 650 (quoting **Steelworkers v. American Mfg. Co.**, 363 U. S. 564, 568
18   (1960)). Arbitration is a spirit of the Territorial Federal United States of America common "law
19   of the land" handed down by the Article III United States of America Supreme Court as the
20   "common law of the land" even though the Supreme Court is the court that made the latest ruling
21   regarding arbitration even though it was enacted into Public Law by the legislature.   Public law
22   is that area of constitutional, administrative, criminal, and International Law that focuses on the
23   organization of the government, the relations between the state and its citizens, the
24   responsibilities of government officials, and the relations between sister states in common law
25   with no need to enter into another or different court jurisdiction to ask their permission to
26   confirm it such as a State or Federal Court. The United States of America Supreme Court is the
27   highest Court in the land in common law.  It is an Article III Court and has complete legal and
28   judicial control over all U.S. Marshals and all State Sheriffs.

29   No court, attorney, or law enforcement agent may decide a merits question that the
30   parties have delegated to an arbitrator, **a court may not decide an arbitrability question that**
31   **the parties have delegated to an arbitrator**. When the parties' contract assigns a matter to
32   arbitration, a court nor attorney may not Cite as: **586 U. S. ____ (2019)** Opinion and
33   Presumption of the Court resolve the merits of the dispute even if the court thinks that a party's
34   claim on the merits is frivolous. **AT&T Technologies**, 475 U. S., at 649–650. So, too, with
35   arbitrability. The Act contains no "wholly groundless" exception, and a court, attorney, or law
36   enforcement agency may not engraft court's own exceptions onto the statutory text. **Exxon**
37   **Mobil Corp. v. Allapattah Services, Inc**., 545 U. S. 546, 556–557 (2005).

38   Arbitrators can efficiently dispose of frivolous cases by quickly ruling that a claim is not
39   in fact arbitrable. This did not happen in Plaintiff's Case against Defendant(s), Wells Fargo
40   Bank, N.A. and CHARLES W. SCHARF; acting CEO/ President in his private, public, and

1   OFFICIAL/CORPORATE CAPACITY as intentional fraud and destruction of private contract
2   and security property is not a frivolous case.

3        The legal National LAMP Arbitration Award Judgment and Arbitral Tribunal Declaration
4   Judgment terms have already been decided in Plaintiff's favor and the final decision has been
5   cured over 90 days without Defendant(s)' or any interested third party rebuttal. **No party has**
6   **sought to vacate or modify the Award within three (3) month time frame; wherein, the**
7   **DEFENDANT(S)/RESPONDENT(S), Plaintiff/Claimant, and all Courts are now time-**
8   **barred (9 U.S. Code §12)**.

9        Arbitral Tribunal Award and Declaration Judgments of Terms are Legally verified, filed,
10   and recorded by (**EXHIBITS "A", "B", and "C"**) **Florida State Inst. #3451495 Bk: 3543 Pg:**
11   **2932 2 Pages Recorded 4/30/2021 3:14 PM, RECORDIG ARTICLE V by DEPUTY**
12   **COURT CLERK, mburns: JD PEACOCK II CLERK OF COURTS, OKJALOOSA**
13   **COUNTY, FLORIDA and with The State of FLORIDA and Secretary of Massachusetts**
14   **Secretaries of State Uniform Commercial Code, UCC1, Florida registered filing Number**
15   **202107487864 and Massachusetts registered filing Number 202178374370** as a financial
16   commercial blanket lien of all DEBTOR DEFENDANT(S)' WELLS FARGO BANK, N.A.,
17   Wells Fargo Bank, and Charles W. Scharf's) real estate property, personal property, and all other
18   assets owned or controlled Federally Nationwide in all States and especially in the State of
19   Florida and the State of California And in every Federal State in every location, town, or City
20   until this financial debt is paid, transferred, with written verification of deposit from
21   Defendant(s) into Plaintiff's bank account at: **Philippine National Bank, PNB Financial**
22   **Center, Floor 2, MANILA PH, BANK ID: PNBMPHMM, Credit Account Number:**
23   **306160000873; in Name of David Young de God, Poblacion Catigbian, Bohol, Philippines**
24   **6343.**

25                                      **FACTS**

26   1.  Plaintiff Purchased 107 Palmetto Drive, Crestview, Florida 32539 Property on
27       April 12, 2005, for original Lender and Wells Fargo to safeguard, protect, and
28       hold both of Plaintiff's original private, personal Property, the Mortgage
29       Promissory NOTE and the Mortgage Debt Lien Contract Security Instruments, to
30       be returned to Plaintiff as soon as the debt was paid or discharged and DEBTORS
31       were to pursuant to law return our organic original private, personal Property Blue
32       wet Ink signed legal contract documents to us at this future paid in full time which
33       was in 2016. The original contract and security property was never returned;
34       instead fake, forged, redacted, reduced, fraudulent, and alternate Copies were
35       returned via Court instead of the originals. This is theft of my property.
36   2.  In September 2012, Plaintiff corresponded in writing to Defendant(s) and asked,
37       "Am I the owner of my Mortgage/NOTE account?" Defendants(s) responded that
38       I was only the Holder of the Mortgage/NOTE Account. As a HOLDER of the
39       Mortgage/NOTE Account, I could legally charge Account Holding Fees at any
40       interest rate I wished.

3. Submitted first true Mortgage/NOTE Account Holding Fee Invoice in November 2012. Defendants ignored and never paid the legal legitimate invoice amount.

4. Plaintiff paid off/discharged NOTE AND MORTGAGED Property thus satisfying and releasing the Mortgage Debt in 2016; thus, clearing the debt in order to receive my organic and original wet blue inked signed documents personal property.

5. Plaintiff requested Plaintiff's original private and personal wet blue inked legal contract documents that were in Defendant(s) fiduciary care held for safekeeping by Defendants, to be returned to Plaintiff several times by phone and written QWRs. Defendants ignored and refused to return Plaintiff's property.

6. Plaintiff had to litigate on 5 April 2016, Case # **2015SC003111C**, in Okaloosa, Florida Small Claims Court to request retrieval of Plaintiff's original blue wet inked private and personal property documents. Defendant(s) defrauded and gave the court an alternate, reduced, forged filed Black signature copy of each of these two documents explaining to the Judge that they were the original wet blue inked originals. Any seeing eyes could see that the signatures were in Black ink; thus copies. They were not the wet blue inked signatures on the full legal sized 8 1/2 X 14 Inch originals that I signed as a Realtor and owner at the original Escrow Closing. Both of these returned and received upon condition that they were the original copies at court were reduced to 8 ½ X 11 Inch regular paper and photocopied in black and white even though there was a county recording paper sticker on this forgery making it a RICO racketeering crime between the Court and the Defendants. The Judge fraudulently signed these forgery Copies as to be the original by only the Defendant's Attorney's word without the Bank representative Attorney being sworn in under my requested protest penalty of perjury; thus, another conspiracy.

7. Plaintiff, a former Realtor, gave a true County recorded Affidavit in 2012 stating that in Florida, ALL mortgage and NOTE documents were written on legal size paper of 8 ½ X 14 Inch with half inch Margins on all four corners as it was a standard legal sized 8 ½ X 14 inch legal document standard **FLORIDA-Single-Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT, Form 3010 1.01 with organic original Promissory Note**. Purchasers and Sellers always signed in wet Blue ink that was held within blue ink pens that all Escrow Notary Lender Closing Agents give the Buyer and the Seller in which to sign all mortgage documents with at ALL Closings as per the Lender written or recorded Instructions. Plaintiff received and retains a copy of the closing instructions on a CD ROM Drive from original lender from 2012 proving this. The plaintiff knows this to be fact and true due to Plaintiff being an active Realtor for years who has and had attended many Buyer and Seller closings with different Notary Escrow Mortgage Closing Agents including personal purchased and sold real estate property of my own..

8.  Plaintiff proved this court returned copy for the Plaintiff was a forgery, an
alternative copy when compared against a true original paid off Mortgage/NOTE
from another lender from one of my different Paid in full mortgage Lien security
from a 2001 home Purchase in the illegal court case in 2012 that Defendants
brought against me for foreclosure when I was not in foreclosure and current with
my monthly payments in the Arbitration tribunal record of proof. All four margins
and type font pitch were different sizes with different sized margins between the
two on the same **FLORIDA-Single-Family-Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT, Form 3010 1.01 and Promissory Note**. Each
document definitely looked different on the face when compared; thus, proving
that the Defendant(s) forged and reduced copy submitted to the court was fraud in
the Factum on the court and that Defendant(s) had destroyed Plaintiff's private
personal property that was held for Defendant(s) safe keeping until the alleged
debt was paid that was worth and valued at over a few hundred million dollars to
the Plaintiff, but through illegal securitization pursuant to SEC Rules that the
Original must be destroyed through securitization when a stock or bond Investor
Certificate is issued due to the fact that both the original property and INVESTOR
Certificate cannot exist at the same time as known as DOUBLE DIPPING and
ensures full IRS Tax upon the whole Investor Trust that my mortgage was in..
This is why Defendant(s) destroyed my personal and private property and then
fraudulently claimed to have it physical with them as owner and holder without
subject matter jurisdiction or Territorial jurisdictional which I question and
demand Defendant(s) to prove.

9.  Plaintiff submitted a second legal true Mortgage/NOTE Account Holding fee
updated Invoice in July 2020 which totaled $187,000,000.00 (One Hundred
Eighty-Seven Million Dollars and no cents). The Arbitrator included and awarded
in the Judgement TERMS the extra $400,000.00 for mental, and emotional Pain
and anguish Plaintiff suffered because of non-return of my original documents for
Plaintiff's full payment and discharge of a mortgage debt. Defendants ignored and
never paid neither of the two legal invoices.

10.  Plaintiff had no other legal choice except to seek legal National Arbitration for
final settlement damages to settle this matter of Defendant(s) deceit and blatant,
calculated Fraud which the Defendant gave their consent and agreement through the
arbitration with Defendants' Arbitrational silent acquittance agreement pursuant to
law and Defendants' defaulted.

11.  The State of Florida has validated the Arbitrational Award
and Declaration Judgements and debt owed by Defendants by legal and legitimate
proof of State of Florida Recording in official records and the UCC1 filings and
registrations. (**EXHIBIT "C"**)

12.  These fact have been proven to the Arbitration board of arbitrators who passed
down final judgment in September and December 2020.

1   13. Notice and Request for payment  Letter document was mailed to Defendants on

2   23 June 2021 for Final Arbitration Award Judgement Amount due Plaintiff.

3

4   **PRAYER FOR RELIEF**

5   WHEREFORE, Plaintiff prays Final Permanent "WITH PREJUDICE" Court Order judgment of

6   enforcement and Writ of Execution in Plaintiff's favor be awarded with the right to collect

7   through any State Sherriff seizure, takeover, and turnover to Plaintiff and/or U. S. Marshall

8   seizure, takeover, and turnover to Plaintiff of all money owed and all assets, including all

9   property, Buildings, land, physical money on /in the bank registers and vault(s), and all real

10  estate owned or controlled by Defendants of the above named judgment debtor to satisfy a

11  money judgment and enforce immediately as results of legal final arbitration award judgement

12  and arbitration award declaration judgment of this filing and against Defendants pursuant to the

13  valid, irrevocable, and enforceable Federal Arbitration Act **9 U.S. Code §2; 9 U.S. Code §12**.

14  **The DEFENDANT(S)/RESPONDENT(S), Plaintiff/Claimant, and all Courts are now time-**

15  **barred (9 U.S. Code §12)** and shall honor this Arbitration Award Judgement and Arbitration

16  Award Declaration Judgement Terms final order and enforcement as follows for Final Judgment

17  AND WRIT OF EXECUTION WITH PREJUDICE in Plaintiff's Favor:

18      1. For all awarded damages totaling $187,400,000.0 0 (One Hundred Eighty-Seven

19  Million Four Hundred Thousand Dollars and no cents) as Arbitrational agreed by both

20  Defendant(s) and Plaintiff, and all other appropriate legal and equitable relief, including that All

21  Defendant(s) assets, including all property, buildings, land, money, and all real estate owned or

22  controlled by Defendant(s) to satisfy a legal money judgment and all Assets be frozen, levied,

23  seized, with takeover to turn over complete control to Plaintiff until paid in full and deposited

24  into Plaintiff's bank account by the Defendant(s) via Legal Arbitration Award Judgement Terms

25  and Arbitration Declaration Judgement Terms on all assets of Defendant(s) until Plaintiff is Paid

26  the Full Legal Awarded Amount to be deposited with Defendant(s) written verification of debt

27  money transfer into Plaintiff's Bank(s) Account **at: Philippine National Bank, PNB Financial**

28  **Center, Floor 2, MANILA PH, BANK ID: PNBMPHMM, Credit Account Number:**

29  **306160000873; in Name of David Young de God, Poblacion Catigbian, Bohol, Philippines**

30  **6343.**

31      2. Grant "With Prejudice' final judgment order and Writ of Execution in Plaintiff's favor

32  for sheriff and/or U.S. Marshal takeover, seizer, and/or levy enforcement, collection of debt, and

33  for Plaintiff to gain Plaintiff's funds, money, and property through Sherriff takeover and/or U. S.

34  Marshall takeover of all money owed, Bank owned real estate, Defendant(s) owned and/or

35  controlled business and personal individual real estate, buildings, money, and all assets including

36  computers, computer terminals with full training on the use of banking and running a Bank; all

37  Bank owned software and hardware; all office furniture in every Defendant(s) banks nationwide

38  in every State to be estimated at Plaintiff's perceived cost of not more than $1.00 (One Dollar

39  and no cents) but less if worn, for each piece of furniture to sell immediately at self-auction, and

1  all Real Estate owned or controlled by Defendant(s) as stated in the legal Arbitration Award

2  Judgment Terms and Arbitration Declaration Judgment Terms.

3       3. The full amount owed includes damages for infliction of emotional distress and

4  punitive damages in the amount of $400,000.00 (Four Hundred Thousand Dollars and no cents)

5  as stated in the final Legal National LAMP Arbitral Tribunal Term Claim Award #20200915-

6  1CD issued December 15, 2020;

7       4. For reasonable attorneys' fees and costs;

8       5. For appropriate injunctive and declaratory relief;

9       6. For costs of suit herein including National and Federal U.S. Marshall and/or Sheriff

10  fees for judgement takeover services being enforced; and

11       7. For such further relief as the Arbitrator deemed awarded pursuant to the Arbitrator's

12  Legal Arbitration Award Hearing dated 30 September 2020 and final Arbitral Tribunal

13  Declaration dated 31 December 2020 Attached as EXHIBIT "A" and "B", including per

14  contractual agreement, by default/dishonor in commerce for non-response, Defendant(s),

15  CHARLES W. SCHARF; acting CEO/President in his private, public, and

16  OFFICIAL/CORPORATE capacity, and WELLS FARGO BANK, N.A., to be held individually,

17  jointly, and severally liable for all damages to Plaintiff, David Young de God with the total

18  amount of Defendant(s) debt of $187,400,000.00. (One Hundred Eighty-Seven Million Four-

19  Hundred Thousand Dollars and no cents) as invoiced and stated in the legal National Arbitration

20  Final Awarded Judgement Terms to Plaintiff.

21       8. Further, per contractual agreement, by default/dishonor in commerce for non-response,

22  Defendants, CHARLES W. SCHARF; acting CEO/President in his private, public, and

23  OFFICIAL/CORPORATE capacity and WELLS FARGO BANK, N.A. agree that the Plaintiff,

24  David Young de God, can secure damages via financial lien, sheriff and/or U.S Marshal seizure,

25  takeover, and/or levy on all Defendant(s) assets, again with complete and permanent takeover of

26  all Defendant assets and/or United States Marshall takeover and turned over to Plaintiff for

27  Plaintiff's sole and private benefit of all assets, money, and Defendant(s) owned or controlled

28  Private, individual, and Commercial Business Real Estate properties held or controlled by

29  Defendants till the full amount of the legally awarded debt has been deposited into Plaintiff's

30  bank account for ALL injuries sustained and inflicted upon Plaintiff for moral and fraudulent

31  wrongs committed against the Plaintiff as set, established, agreed, and consented to herein by the

32  parties hereto, to include, but not limited to: constitutional impermissible misapplication of

33  statute(s)/law(s)…

34       **No party has sought to vacate or modify the valid and binding contract Final**

35  **National Arbitration Award Judgement (Terms) and National Arbitration Declaration**

36  **Final Judgement within six (6) month time frame; wherein, the Defendants/Respondent(s),**

37  **Plaintiff/Claimant, and all Courts are now time-barred (9 U.S. Code §12).**

38  Dated: **July 16, 2021**

1  By

2  David Young de God

3
4
5  **FLORIDA NOTARIAL CERTIFICATE**
6  **(JURAT)**
7  STATE OF FLORIDA
8  COUNTY OF OKALOOSA
9
10  Sworn to (or affirmed) and subscribed before me this **16th** day of **July, 2021**, by David Young
11  de God.
12
13                                                              (Seal)
14
15  Signature of Notary Public
16  My Commission expires: 10|03|2023
17  **Alba D. Mendez**
18  Print, Type or Stamp Name of Notary
19
20  Personally Known: _X_ AND Produced Identification: _X_
21  Type of Identification Produced: **United States Passport, Florida Driver License, and**
22  **Military I.D.**
23
24                                  **Proof of Service**
25
26  I, David Young de God AKA David Allen Young, being more than the age of eighteen (18), and
27  of the majority and one of the American people of the united states of America did mail the
28  document entitled Complaint by **mailing with UPU United States of America Postal Stamped**
29  **Priority Mail** with name and address to Defendants as follows:
30
31  **Plaintiff:**
32
33  David Young de God
34  In Care Of: 688 Reeves Street, Lot A
35  Fort Walton Beach, Florida near [32547]
36  Phone 850-612-6734
37  Email: ASecretToMoney@gmail.com
38
39  **Defendant(s):**
40
41  WELLS FARGO BANK, N.A., and
42  Charles W SCHARF: acting CEO/President
43  In his private, public, and OFFICIAL/CORPORATE capacity
44  420 Montgomery Street
45  San Francisco, California [94104]
46  Postal UPU Stamped Priority Mail
47
48  Date: 24th day of July, 2021
49
50
51
52  By:
53  David Young de God, Plaintiff
54
55
56

EXHIBIT A

Inst. #3461484 Bk: 3543 Pg: 2924
Page 1 of 8 Recorded: 4/30/2021 3:14 PM
RECORDING ARTICLE V: $32.00 RECORDING $37.50

DEPUTY CLERK mburns
JD PEACOCK II CLERK OF COURTS,
OKALOOSA COUNTY, FLORIDA

# Final Arbitration Award
## a Foreign Arbitration Award
## LAMP Universal Claim Award #20200915-1CD

### By Common Law Arbitration

### In the Interest of the Arbitration Between

### Claimant:
David Young de God AKA David Allen Young.
In Care Of: 2868 Soles Lane.
Crestview, Florida Republic near [32539].

### Counter-Offer #116-97-90390© with Terms and Conditions
### for FREDDIE MAC "assumed" Loan #868372838;
### WELLS FARGO BANK "assumed" Loan  # 0197355977 and
### MERS "assumed" Loan #MIN 1000252-0000032796-0.

### Respondent:
Charles W. Scharf; acting CEO/President
In his private, public and OFFICIAL/CORPORATE capacity
Wells Fargo Bank, NA

### LAMP Arbitrators:
diane-lenore: griffith.
Sharyll Taratuta.
peter-wilson: jones.
michael-joseph: kerns.

Hearing held the 30th day of September, 2020 at 3pm EDT.
teleconference:  https://freeconferencecall.com

United States courts have held that an arbitrator is immune from civil liability for actions
in the execution of the arbitrator's decision-making function.
Sacks v. Dietrich, 663 F.3d 1065, 1069-70 (9th cir. 2011).

### The Common Law

## Sealed

LAMP Arbitration Award | **2020**

# Final Arbitration Award
# a Foreign Arbitration Award
# LAMP Universal Claim Award #20200915-1CD

By Common Law Arbitration

### In the Interest of the Arbitration Between

### Claimant:
David Young de God AKA David Allen Young.
In Care Of: 2868 Soles Lane.
Crestview, Florida Republic near [32539].

### Counter-Offer #116-97-90390© with Terms and Conditions
### for FREDDIE MAC "assumed" Loan #868372838;
### WELLS FARGO BANK "assumed" Loan # 0197355977 and
### MERS "assumed" Loan #MIN 1000252-0000032796-0.

### Respondent:
Charles W. Scharf; acting CEO/President
In his private, public and OFFICIAL/CORPORATE capacity
Wells Fargo Bank, NA

### LAMP Arbitrators:
diane-lenore: griffith.
Sharyll Taratuta.
peter-wilson: jones.
michael-joseph: kerns.

Hearing held the 30th day of September, 2020 at 3pm EDT.
teleconference: https://freeconferencecall.com

United States courts have held that an arbitrator is immune from civil liability for actions
in the execution of the arbitrator's decision-making function.
Sacks v. Dietrich, 663 F.3d 1065, 1069-70 (9th cir. 2011).

### The Common Law

### Sealed

**1**

LAMP Arbitration Award | **2020**

## 9 UNITED STATES CODES §1, §2, AND §9

### *In the Matter of Arbitration*

There exists a matter in dispute and/or controversy associated with the contractual agreement, thereby, extending jurisdiction to this body to proceed as per the terms of the agreement, as well as relevant laws and facts in support, as presented during the arbitration of this controversy.

The Respondent, in a related contract, made a complaint against the Claimant in this instant related matter to the Claimant's interests and/or properties.  Claimant tried but was unable to resolve the matter of dispute in Small Claims Court, thus seeking remedy by arbitration for conspiracy to defraud[1] Claimant and financial harm[2] to Claimant's personal property,

The parties entered into a legally binding contractual relationship, in which the Arbitrator Tribunal finds no fraud and/or any attempt to induce fraud and/or to commit fraud and/or inducement of contract, and/or fraud in the factum respecting the instant matter and the un-rebutted Counter-Offer #116-97-90390© with Terms and Conditions for FREDDIE MAC "assumed" Loan #868372838; WELLS FARGO BANK "assumed" Loan #0197355977 and MERS "assumed" Loan #MIN 1000252-0000032796-0.  Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement.[3]

Being unable to resolve the matter in dispute, the Claimant made application to LAMP Arbitration for an alternative dispute resolution.  A written Agreement to Arbitration on the related matter is on the record.  Whereupon, the Arbitrators find all elements that form a contractual agreement and a legally commercial binding obligatory relationship are present.  The Arbitrators have Subject Matter Jurisdiction, as stated in Title 9 U.S. Code §1, §2, AND §9. "That any determination by the arbitration is binding upon all parties, and that all parties agree to abide by the decision of the arbitrator, that the arbitrator is to render a decision based upon the facts and conclusions as presented within the terms and conditions of the contract.

All parties were notified of the arbitration hearing where each party would have the opportunity to give credence to their side of the matter being arbitrated.  The hearing was held on the 30th day of September, 2020 at 3pm EDT.  Respondent(s), after being notified, however, failed to appear and did not requests a continuance. "That any determination by the arbitration is binding upon all parties, and that all parties agree to abide by the decision of the arbitrator, that the arbitrator is to render a decision based upon the facts and conclusions as presented within the terms and conditions of the contract.""

The Supreme Court of the United States stated; "That conclusion follows not only from the text of the Act but also from precedent.  We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be

---

[1] Counter-Offer---Page 12, Paragraph 3.
[2] Counter-Offer—Page 4, #26.
[3] Counter-Offer—Page 13, #5.

frivolous." A Court has "'no business weighing the merits of the grievance'" because "the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious." AT&T Technologies principle applies with equal force to the threshold issue of arbitrator, so a court may not decide an arbitrability question that the parties have delegated to an arbitrator.

### *Findings of Arbitrators*

WELLS FARGO answered positive with agreement to Claimant's claims by their silence, therefore, this Tribunal rules this Claim as a Default Judgment.

**silence may constitute an acceptance if there is a relationship between the parties
or a previous course of dealing by which
silence should be understood as acceptance."[4]**

**"Silence may operate as an acceptance under the rule stated in the
Restatement (Second) of Contracts 69(1)(b) "where the offeror has stated or given the offeree
reason to understand that assent maybe manifested by silence or inaction, and the offeree in
remaining silent and inactive intends to accept the offer".[5]**

Respondent(s) by accepting the "Counter Offer" agrees that the original lender did not lend "bookkeeping entry credit" in the form of a loan, and failed to provide such notification and clear, unambiguous, conspicuous language/terminology that any reasonable man or woman would understand? "intentionally created fraud in the factum" and withheld from plaintiff... "vital information concerning said debt and all of the matrix involved in making the loan".

Respondent(s), having an obligation to respond under contract law, is in default/dishonor in commerce for non-response[6] to Claimant's notices of Counter-Offer # 116-97-90390© with Terms and Conditions for FREDDIE MAC "assumed" Loan #868372838; WELLS FARGO BANK "assumed" Loan #0197355977 and MERS "assumed" Loan #MIN 1000252-0000032796-0; a Notice of Default with Opportunity to Cure; and Second (2nd) Default with Right to Cure.

Therefore, this has also put Respondent(s) in default/dishonor in commerce. Respondent's illegal acts of fraud[7], destruction of personal property[8], forgery, illegal alteration,[9] passing counterfeit security,[10]

---

[4] Southern Cal. Acoustics Co. v C.V. Holder Inc. (1969) 71 C2d 719, 722, 79 CR 319" See also Circuit City Stores Inc. v Najd (9th Cir. 2002), 294 F3rd 1104, 1109
[5] Golden Eagle Ins. Co. v. Foremost Ins. Co. (1993) 20 CA4th, 1372, 1385, 25 CR2d 242
[6] Counter-Offer--Page 13-14, #5.
[7] Counter-Offer--Page 9, #105.
[8] Counter-Offer--Page 4, #33.
[9] Counter-Offer--Page 4, #31.
[10] Counter-Offer--Page 9, #104.

RICO racketeering,[11] and conspiracy to defraud[12] committed against Claimant has caused him not only undue emotional distress and mental anguish abuse[13] but a tremendous financial loss as well.[14]

### *Arbitral Tribunal Decision*

1. Respondent(s) must return Claimant's personal property pertaining to Original wet ink autographed Promissory Note and Mortgage Debt Lien Contract for property known as 107 Palmetto Drive, Crestview, Florida [32539].[15]

2. Respondent, being the defaulting party, must pay Claimant the value of said agreement, as agreed upon as of date of default, the value of $187,000,000.00 (One Hundred Eighty-Seven Million Dollars),[16] to include monthly payments on mortgage and the interest withheld from him for use of his private property used as a security.

3. Claimant is awarded punitive damages as agreed to within the contractual agreement as follows:
    a. Emotional Distress – two-hundred thousand dollars and no cents ($200,000.00).[17]
    b. Mental Anguish Abuse – two-hundred thousand dollars and no cents ($200,000.00).[18]

4. Arbitrators find Respondent(s), Charles W. Scharf; acting CEO/President in his private, public and OFFICIAL/CORPORATE capacity, Wells Fargo Bank, NA., to be held jointly and severally liable for damages to Claimant, with the total amount payable of $187,400,000.00 (One Hundred Eighty-Seven Million Four-Hundred Thousand Dollars and no cents).

5. Further, per contractual agreement, by default/dishonor in commerce for non-response, Respondent(s) agrees the Undersigned can secure damages via financial lien on assets, sheriff takeover of assets, United States Marshall takeover of assets, properties held by them or on their behalf for ALL injuries sustained and inflicted upon the Undersigned for the moral wrongs committed against the Undersigned as set, established, agreed and consented to herein by the parties hereto, to include but not limited to: constitutional impermissible misapplication of statute(s)/law(s) in the above referenced alleged Commercial/Civil/Cause; fraud, conspiracy (two or more involved); trespass of title, property, and the like; and, ALL other known and unknown trespasses and moral wrongs committed through ultra vires act(s) of ALL involved herein; whether by commission or omission. Final amount of damages to be calculated prior to submission of Tort Claim Petition and/or the filing of lien and the perfection of a security interest via a Uniform Commercial Code financing 1 Statement; estimated in excess of TEN (10) Million dollars (USD- or other lawful money or currency generally accepted with or by the financial markets in America), and notice to Respondent(s) by invoice.[19]

---

[11] Counter-Offer--Page 5, #39.
[12] Counter-Offer--Page 12, Paragraph 3.
[13] Counter-Offer--Page 3, #23, #24.
[14] Counter-Offer--Page 4, #32.
[15] Administrative Procedure Act of 1946
[16] Counter-Offer--Page 13, Paragraph 1.
[17] Counter-Offer--Page 3, #19.
[18] Counter-Offer--Page 3, #20.

6. The defaulting party will be estopped from maintaining or enforcing the original offer/presentment; i.e., the above referenced alleged Commercial/Civil/Cause/ACCOUNT as well as ALL commercial paper (negotiable instruments) therein, within any court or administrative tribunal/unit within any venue, jurisdiction, and forum the Undersigned may deem appropriate to proceed within in the event of ANY and ALL breach(s) of this agreement by Respondent(s) to compel specific performance and or damages arising from injuries therefrom. The defaulting party will be foreclosed by laches and or estoppel from maintaining or enforcing the original offer/presentment in any mode or manner whatsoever, at any time, within any proceeding/action. Furthermore, the respondent(s) is foreclosed against the enforcement, retaliation, assault, infringement, imprisonment, trespass upon the rights, properties, estate, person whether legal, natural or otherwise of the presenter/petitioner and/or his interest and/or his estate retroactively, at present, post-actively, forever under any circumstances, guise, and or presumption![20]

7. In accordance with and pursuant to this agreement; a contractually (consensual) binding Agreement between the parties to this Conditional Acceptance for Value and counter offer/claim for Proof of Claim to include the corporate Government Agency/Department construct(s) whom Respondent(s) represents/serves; as well as, ALL CEO, CFO, Presidents, Board members, officers, agents, employees, assigns, sold, attorneys, and the like in service to Respondent(s) **will not argue, controvert, oppose, or otherwise protest ANY of the facts already agreed upon by the parties set and established herein; and necessarily and of consequence arising therefrom, in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States at any competent court under original jurisdiction**, in accordance with the General principles of non-statutory Arbitration, etc....[21]

Arbitrator(s), whose judicial authority is equal to a Court Judge in Summary Judgment,[22] have thus provided remedy in this matter of dispute.

A full Settlement of this Award will be honored upon compliance by Respondent as listed in the above decisions 1, 3, 5, and 7 if received by Claimant within 30 days of this signed Award.

If Respondent(s) does not comply with the Settlement as stated above within this expressed time frame, then 1 –7 above is the fine, levy and tax for the Respondent(s) to make right in his private capacity.

That none of the following issues apply wherein the award may be vacated:
   (1) As the Arbitrator(s) relied upon the facts and evidence presented and that the award was not procured by corruption, fraud, or undue means; and/or

---

[19] Counter-Offer—Page 15, #8.
[20] Counter-Offer—Page 10, #16.
[21] Counter-Offer--Page 14, #7.
[22] Counter-Offer--Page 14, #7.

(2) That no aspect of the parties' political affiliation, sexual orientation, gender, religious association, and/or otherwise partiality or corruption are present in the Arbitrator(s), and/or the issuance of this award; and/or

(3) The Arbitrators are not guilty of misconduct in refusing to postpone the hearing, as each party was given an opportunity to have such a hearing postponed whether or not they provided sufficient cause, or that there was in no case a refusal to hear evidence pertinent and material to the controversy or any misbehavior by which the right of any party could be perceived as having been prejudiced, and/or

(4) That the Arbitrator(s) operated within the powers delegated by the contractual agreement powers that were detailed in the agreement and to the best of the Arbitrator's ability has perfectly executed those powers to the extent that a mutual, final, and definite award upon the subject matter submitted has been rendered.

That this award may only be modified under the following circumstances:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award, the Arbitrator(s) relied on the contract and the amount specified within the agreement, and

(b) Where the Arbitrator(s) may have awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matter submitted, the Arbitrator(s) have relied upon the evidence presented and the contractual agreement and terms specified therein, and

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy, Arbitrator(s) may modify and correct the award, so as to affect the intent thereof and promote justice between the parties.

The Arbitrators have intended to promote justice, fairness and render due process between the parties irrespective of the Arbitrators' personal opinions, rationale, arguments and/or disposition, upon which a final and definite award on subject matter submitted has been rendered.

*[T]he integrity of the arbitral process is best preserved by recognizing the arbitrators as independent decision makers who have no obligation to defend themselves in a reviewing court.*[23]

*[In]dividuals . . . cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit.*[24]

The Supreme Court has explained, "[there is nothing malleable about 'must grant' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies]." Confirmation of an Award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[25] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility of determinations, even where

---

[23] Fong v. American Airlines
[24] Tamari v. Conrad
[25] See, e.g., Encyclopedia Universalis S.A. v. Encyclopedia Britannica, Inc.,
  403 F.3d 85, 89 n.2 (2d Cir. 2005) (citing Yusuf Ahmed Alghanim & Sons, W.L.L.
  v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997)).

there is conflicting evidence and room for choice exists. An arbitrators' award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice.

The FAA expresses a presumption that courts shall confirm arbitration awards.[26] The confirmation process is supposed to be a summary proceeding, and judges can only review an award on limited grounds.[27] Whereupon, Respondent(s) has agreed to not argue, controvert, oppose, or otherwise protest ANY of the facts already agreed upon by the parties set and established herein; and necessarily and of consequence arising therefrom, including *confirmation of the award in the District Court of the United States at any competent court under original jurisdiction*, in accordance with the general principles of non-statutory Arbitration.[28]

This Award is protected by the harmless error doctrine under constitutional common law.

This Award is final, issued with prejudice, in favor of Claimant, by this Tribunal.

So, awarded, LAMP Universal Award #20200915-1CD.

Be it so this *15th* day of *December*, 2020.

By: *diane-lenore: griffith*



        diane-lenore: griffith, Arbitrator
        Sharyll Taratuta, Arbitrator
        peter-wilson: jones, Arbitrator
        michael-joseph: kerns, Arbitrator

---

[26] See, e.g., Encyclopedia Universalis S.A. v. Encyclopedia Britannica, Inc.,
    403 F.3d 85, 89 n.2 (2d Cir. 2005) (citing Yusuf Ahmed Alghanim & Sons, W.L.L.
    v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997)).
[27] See, e.g., Coast Trading Co. v. Pac. Molasses Co., 681 F.2d 1195, 1198 (9th
    Cir. 1982) (stating that the courts will not examine the merits of the award but will
    review to make sure it reflects the parties' agreement).
[28] Counter-Offer—Page 14, #7.



# LAMP Arbitration Award | **2020**

## LAMP All-Purpose Proof of Service

## LAMP Universal Claim Award #20200915-1CD

I, _Martha Akrabian_, being at or more than the age of eighteen (18), and of the majority and not a party to the action, and one of the people of the United States, did mail the document entitled: Final Arbitration Award by emailing, faxing, hand delivering or placing it in an envelope with name and address as follows:

**Claimant:**                                                      **Serviced By:**
David Young de God AKA David Allen Young
In Care Of: 2868 Soles Lane
Crestview, Florida Republic near [[32539]]         Priority Mail

**Respondent(s):**
Charles W. Scharf; acting CEO/President
In his private, public and OFFICIAL/CORPORATE capacity
Wells Fargo Bank, NA
420 Montgomery Street
San Francisco, California [94104]                        Priority Mail

Date: _15th_ of December, 2020.

By: _[signature]_

LAMP Arbitration

# Arbitral Tribunal Declaration

**David Young de God AKA David Allen Young, Claimant**

**vs.**

**Charles W. Scharf; acting CEO/President**

**In his private, public and OFFICIAL/CORPORATE capacity**

**Wells Fargo Bank, NA, Respondent**

Inst. #3451485 BK: 3543 Pg: 2932
Page 1 of 2 Recorded: 4/30/2021 3:14 PM
RECORDING ARTICLE V: $9.00 RECORDING: $10.50
DEPUTY CLERK mburns
JD PEACOCK II CLERK OF COURTS,
OKALOOSA COUNTY, FLORIDA

Re: Counter-Offer #116-97-90390© with Terms and Conditions

for FREDDIE MAC "assumed" Loan #868372838;

WELLS FARGO BANK "assumed" Loan # 0197355977 and

MERS "assumed" Loan #MIN 1000252-0000032796-0

---

**Declarant, being over the age of majority, declare the following:**

1. diane-lenore: griffith, Head Arbitrator on the LAMP Arbitration Claim Award #20200915-1CD, submitted by Claimant, David Young de God AKA David Allen Young.

2. Arbitration hearing was held on September 30, 2020 at 3pm EST, via tele-conference. Hearing Location: virtual; nation, U.S. by Arbitrators diane-lenore: griffith, Sharyll Taratuta, peter-wilson: jones, michael-joseph: kerns.

3. Final LAMP Arbitration Award #20200915-1CD was issued December 15, 2020. (See attached copy Exhibit A). The Arbitrator(s) relied upon the evidence presented and the contractual agreement and terms specified therein. Tribunal, being justified by the Claimant's presented material facts, found and awarded the following:

    a) Respondent(s), being properly notified of hearing, failed to appear, did not object or request continuance.

    b) Respondent(s) are on record for Default Judgment. Under contract and commercial law, Respondent(s) had an obligation to respond to the Claimant, with whom they previously had a relationship. Respondent(s) failed to provide to the Claimant any records, books, and papers rebutting contract; therefore, Arbitral Tribunal found the Respondent(s) defaulted without cure.

c) LAMP Arbitration Award dated December 15, 2020 finds Respondent(s), Charles W. Scharf, acting CEO/President in his private, public and OFFICIAL/CORPORATE capacity, Wells Fargo Bank, NA., to be held jointly and severally liable for damages to Claimant, with the total amount payable of $187,400,000.00 (One Hundred Eighty-Seven Million Four Hundred Thousand Dollars and no cents), as agreed to within their contractual agreement, which includes punitive damages, as follows:

    1. Emotional Distress – two-hundred thousand dollars and no cents ($200,000.00).

    2. Mental Anguish Abuse – two-hundred thousand dollars and no cents ($200,000.00).

d) Claimant, as rightful owner, is to be given the remedy of return of Original Mortgage NOTE Property and the Original Mortgage Debt Lien Contract Security Property free and clear of any color of law attachments.

4. Arbitration is a legally binding commercial contract between Claimant, David Young de God AKA David Allen Young, and Respondent(s), Charles W. Scharf, acting CEO/President in his private, public and OFFICIAL/CORPORATE capacity Wells Fargo Bank, NA, as evidenced by Counter-Offer # 116-97-90390© with Terms and Conditions for "assumed" Loan #631583775, and "assumed" Loan #32796 and "assumed" Loan #: 0197355977 and MERS.   No party has sought to vacate or modify the Award within three (3) month time frame; wherein, the Respondent(s), Claimant and Court are now time-barred (9 U.S. Code § 12).

5. Arbitrators, being a neutral party, relied upon the evidence of material facts presented, and the award was not procured by corruption, fraud, or undue means. There exists no reason for the court to delay or deny the confirmation.

6. *HENRY SCHEIN V. ARCHER & WHITE SALES, S. Ct. 2019.*

    *"There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases...."* Therefore, the court must confirm.

Signed on this 31ˢᵗ day of December, 2020.



By: _diane-lenore: gri_____
    diane-lenore: griffin, arbitrator/ Declarant



2

1    **EXHIBIT "C"**

<table>
<tr><td colspan="2">

**STATE OF FLORIDA UNIFORM COMMERICAL CODE FINANCING STATEMENT FORM**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
DAVID YOUNG DE GOD; 8506126734
Email ASECRETTOMONEY@GMAIL.COM

B. SEND ACKNOWLEDGEMENT TO:

</td><td>

**Florida Secured Transaction Registry**

# FILED

2021 Jun 22 12:05 AM

****** 202107487864 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

</td></tr>
</table>

**1. DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WELLS FARGO BANK, N.A. | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS Line One | | | |
| 420 MONTGOMERY STREET | | This space not available. | |
| MAILING ADDRESS Line Two | CITY SAN FRANCISCO | STATE CA  POSTAL CODE 94104 | COUNTRY US |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| SCHARF | CHARLES | W. | |
| 2c. MAILING ADDRESS Line One | | | |
| 420 MONTGOMERY STREET | | This space not available. | |
| MAILING ADDRESS Line Two | CITY SAN FRANCISCO | STATE CA  POSTAL CODE 94104 | COUNTRY US |

**3. SECURED PARTY'S NAME**   (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| GOD | DAVID YOUNG DE | | |
| 3c. MAILING ADDRESS Line One | | | |
| 688 REEVES DRIVE | | This space not available. | |
| MAILING ADDRESS Line Two LOT A | CITY FORT WALTON BEACH | STATE FL  POSTAL CODE 32547 | COUNTRY US |

**4. This FINANCING STATEMENT covers the following collateral:**

This is a Legal LAMP Arbitration Award and Declaration approved by Florida court official records recording as a Financial Blanket Commercial Lien against Debtors at 420 Montgomery Street, San Francisco, CA 94104 (Continued)

**5. ALTERNATE DESIGNATION (if applicable)**   ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR
☐ AG LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** - YOU ARE REQUIRED TO CHECK EXACTLY ONE  BOX
☐ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S. have been paid.
☑ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**   Lamp Arbitration Award and Declaration Commercial Lien

STANDARD FORM - FORM UCC-1 (REV.05/2013)      Filing Office Copy      Approved by the Secretary of State, State of Florida

2

3

1    **EXHIBIT "C"**

MA SOC  Filing Number: 202178374370    Date: 6/21/2021 4:03:00 PM
6/21/2021  3:00 PM  FROM: Office Depot #206    P. 2 / 6

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
David Young de God, 850-612-6734

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
```
David Young de God
In Care Off: 688 Reevez Drive, Lot A
Fort Walton Beach, Florida 32547
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| WELLS FARGO BANK, N.A. | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 420 Montgomery Street | San Francisco | CA | 94104 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Charles W. Scharf; acting CEO | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 420 Montgomery Street | San Francisco | CA | 94104 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| DAVID YOUNG DE GOD | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 688 Reeves Drive, Lot A | Fort Walton Beach | FL | 32547 | |

4. COLLATERAL: This financing statement covers the following collateral:
This is a legal National LAMP Arbitration Award and Declaration Settlement Approved by the STATE OF FLORIDA COURT Recording into official records per Federal Arbitration Act and is a Financial Blanket Lien being placed on ALL Financial, Tangible, Physical Assets, and Real Estate owned by Wells Fargo Bank, N.A. and Charles W. Scharf; acting CEO/PRESIDENT in his Private, Public, and OFFICIAL/CORPORATE capacity to effect all credit and all assets located at Wells Fargo Bank, N.A. headquarters addressed at 420 Montgomery Street, San Francisco, California 94104 and all national branches of Wells Fargo Bank, N.A. located in Every State of the United States, placed by David Young de God AKA David Allen Young at 688 Reeves Drive #¨ A¨, Fort Walton Beach, Florida 32547 USA pursuant to a mutually agreed upon legal National LAMP Arbitrational Award and Declaration Settlement. This Blanket Lien is on all Assets and is to be a secured debt owed with this Uniform Commercial Code Registration UCCI form on both Entities, Wells Fargo Bank, N.A. and Charles W. Scharf, in the funding amount of $187,400,000.00 (One Hundred Eighty Seven Million Four Hundred Thousand Dollars and no cents). All sums must be paid to David Young de God AKA David Allen Young and placed or transferred into any bank account of David Young de God AKA David Allen Young¨s choosing within fifteen (15) consecutive days of this filing/registration pursuant to the Federal Arbitration Act. (SEE ATTACHED - Continued)

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative | | | 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☑ Agricultural Lien | ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA
Legal National LAMP Arbitrational Award and Declaration Settlement

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

2

3

# EXHIBIT "D" - PAYMENT DEMAND REQUEST DOCUMENT TO DEFENDANT(S)

FROM: David Young de God

In Care Of: 688 Reeves Street, Lot A

Fort Walton Beach, Florida near [32547]

Phone 850-612-6734

Email: ASecretToMoney@gmail.com

TO: WELLS FARGO BANK, N.A., and

Charles W SCHARF: acting CEO/President

In his private, public, and OFFICIAL/CORPORATE capacity

420 Montgomery Street

San Francisco, California 94104

Postal UPU Stamped Priority Mail

Date: **23rd** of **June, 2021**

**Re: To Whom It May Concern; WELLS FARGO BANK, N.A., and**

**Charles W SCHARF: acting CEO/President at 420 Montgomery Street**

**San Francisco, CA 94104**

Please find attached a valid, legal, and binding Arbitrational Award and Declaration

judgment with a valid and registered UCC1 Financial lien to be filed against both

Defendants and Federal Court Litigation shall follow until your debts are paid in full to

me per legal and binding Arbitrational Award and Declaration judgment in the NET

amount of $187,400,000.00. (One Hundred Eighty-Seven Million Four-Hundred

Thousand Dollars and no cents) as Arbitrational Awarded to Plaintiff.

You have 30 days from receipt of this legal demand to pay your debt and deposit it into

my bank account at: **Philippine National Bank, PNB Financial Center, Floor 2, MANILA**

**PH, BANK ID: PNBMPHMM, Credit Account Number: 306160000873; in Name of David**

**Young de God, Poblacion Catigbian, Bohol, Philippines 6343.** And inform me when my

money has been transferred or both parties shall be litigated against in Federal Court..

No party has sought to vacate or modify the Arbitration Award or Declaration within

three (3) month time frame; wherein, the Defendants /Respondent(s),

Plaintiff/Claimant, and Court are now time-barred (**9 U.S. Code §12**).Sincerely,

Sincerely,

David Young de God AKA David Allen Young









Paid in Lawful Gold or Silver Coins
Per Constitutions