UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

David Young de God,

    Plaintiff,

v.                                                    Case No. 3:21-cv-919-TKW-HTC

CHARLES W. SCHARF, acting
CEO/President and WELLS FARGO
BANK, N.A.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff David Young de God files this action against Defendants Charles W. Scharf, acting CEO/President of Wells Fargo Bank, N.A., and Wells Fargo Bank, seeking to enforce a purported $187,400,000.00 arbitration award he obtained from "LAMP common law arbitration" pursuant to the Federal Arbitration Act ("FAA").[1] ECF Doc. 1. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's

---

[1] Subsequent to filing the complaint, Plaintiff filed a "Motion to Change Misrecorded Complaint Into A Petition" (ECF Doc. 11) and "Motion and Demand to Show Cause" (ECF Doc. 21). Regardless of whether Plaintiff's initial filing is docketed as a complaint or a petition, this action should be dismissed. Thus, the Court will GRANT the motion to change the title of the complaint to a petition. Plaintiff's motion to show cause, however, is DENIED as it is not clear what relief is sought.

Complaint with Prejudice (ECF Doc. 18) and Defendants' Motion for Rule 11 sanctions (ECF Doc. 17).

The matter was referred to the undersigned for issuance of all preliminary orders and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2 (E). Upon consideration of the motions, Plaintiff's responses in opposition[2], and for the reasons set forth below, the undersigned recommends (1) Defendants' Motion to Dismiss be GRANTED as Plaintiff's complaint is completely frivolous and (2) Defendants' Motion for Sanctions be GRANTED, in part. As discussed below, courts have rejected similar actions, finding that LAMP is not a valid entity and has no authority to enter an arbitration award. Thus, this action is frivolously filed.

I.  **BACKGROUND**

As stated above, Plaintiff filed this action to enforce an arbitration award.[3] The subject LAMP award, attached to complaint/petition purports to be a "Foreign

---

[2] Plaintiff filed several "motions to object," which are responses to the Defendants rather than motions. Thus, the undersigned will direct the clerk to terminate these "motions" and correct the description of these filings on the docket.

[3] On the civil cover sheet, Plaintiff identifies the basis of this Court's jurisdiction as based on federal question. ECF Doc. 1 at 25. Based on a fair reading of Plaintiff's complaint, it appears he is basing jurisdiction on the FAA. The FAA, however, does not provide an independent basis for federal court jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). The undersigned, however, does not find it necessary to decide this matter on jurisdiction grounds as the Court finds the existence of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff identifies his residence as being in the state of Florida, and the Court takes judicial notice that the public filings for Wells

Arbitration Award" based on a breach of contract, which Plaintiff was "unable to resolve . . . in Small Claims Court." *Id.* at 12. Specifically, Plaintiff claims Defendants failed to return his "original private and personal wet blue inked legal contact documents" that were in their "fiduciary care" and "held for safe keeping." *Id.* Plaintiff then sought redress in arbitration pursuant to the parties alleged contract. *Id.*

According to the award, an arbitration hearing was held on September 30, 2020 at 3pm EDT by teleconference and arbitrated by LAMP arbitrators "diane-lenore: Griffith; Sharyll Taratuta; peter-wilson: jones; and Michael-joseph: kerns." *Id.* at 11. When Defendants allegedly failed to appear, LAMP found the Defendants to be in default and awarded Plaintiff $187,400,000.00, which included $400,000.00 in mental and emotional damages. *Id.* at 14. The last page of the award states "[t]his Award is final, issued with prejudice, in favor of Claimant, by this Tribunal" and includes a seal that reads "LAMP common law arbitration United States Unincorprated People, De oppresso liber." *Id.* at 17.

---

Fargo indicates its principal place of business is in San Francisco, CA, and its place of incorporation in Delaware. *See* 10K, Q2 2021, https://www.wellsfargo.com/about/investor-relations/filings/. Additionally, Plaintiff identifies Scharf as the CEO of Wells Fargo with an address in California.

Case No. 3:21-cv-919-TKW-HTC

Defendants move to dismiss this action with prejudice for failure to state a claim on the basis that LAMP is a fraudulent, non-existent entity with no legal authority, and Defendants never agreed to arbitrate against Plaintiff.  ECF Doc. 18.

## II.   DEFENDANTS' MOTION TO DISMISS

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  However, "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice.  *Id*. (quotations and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S.

519, 520–21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

As outlined in their motion, Defendants seek dismissal of Plaintiff's petition based on three (3) federal district court cases which found LAMP to be a "phony" entity with no effect of law. Upon reviewing those cases, the undersigned finds no reason to reach a different conclusion here.

In *Akrabian v. West Coast Servicing, Inc.*, 2020 WL 864413 (C.D. Cal. Dec. 30, 2020), Petitioners John and Marine Akrabian filed a "Motion to Confirm Arbitration Award" and a "Motion for Emergency Preliminary Injunctive Relief" based on a purported arbitration award they obtained from LAMP Common Law Arbitration. *Akrabian*, 2020 WL 864413 at * 1. Like the instant case, the purported award claimed to arise from a breach of contract between the petitioners and five (5) corporate defendants. *Id.* When the defendants failed to participate in the arbitration, LAMP found the corporate defendants to be in default and awarded petitioners $4 million dollars in damages. *Id.*

In determining whether the petitioners were entitled to injunctive relief, the court found petitioners had not established a likelihood of success on the merits. *Id.* at * 2. Specifically, the district court found that the petitioners had not "established

the existence of a valid arbitration agreement between the parties, . . . that 'LAMP Common Law Arbitration' [was] a legitimate arbitration organization to which Respondents agreed to arbitrate, or that the default arbitration award [was] one which, under the Federal Arbitration Act, t[he] Court c[ould] or should enforce." *Id.* Thus, the court denied petitioners' motion for injunctive relief. *Id.*

Plaintiff argues Defendants' reliance on this case is misplaced because the court dismissed petitioners' case for lack of jurisdiction. The undersigned, however, finds this distinction to be unavailing. Notably, despite dismissing the case for lack of jurisdiction, the district court denied petitioners' motion for injunctive relief as petitioners could not establish a likelihood of success on the *merits*. In other words, the court determined that petitioners could not state a claim upon which relief could be granted regardless of whether jurisdiction existed. Thus, Plaintiff's argument is without merit.

*Lankford v. Wells Fargo Home Mortgage* also involves a plaintiff seeking to enforce a LAMP arbitration award. *Lankford*, 2020 WL 2183001 (S.D. Ohio May 6, 2020), *report and recommendation adopted*, 2020 WL 6828223 (S.D. Ohio Nov. 20, 2020). The magistrate judge recommended the motion be denied on res judicata grounds and "more significantly" because "the purported LAMP Interim Arbitration

Award Lankford seeks to enforce in this Court, and in state court, is invalid." *Id*. at *2.

In reviewing the purported award, the district court noted several "aspects of the LAMP Interim Arbitration Award attach to it a stigma of illegitimacy." *Id*. For example, statements such as "A written agreement to arbitration is on the record of the related matter and all parties were notified of the arbitration hearing" were "insufficient to establish that Lankford and Wells Fargo, N.A. entered into a valid arbitration agreement." *Id*. Additionally, there was "no information in the record about the qualifications" of the three LAMP arbitrators, including Pete-Wilson: Jones, an arbitrator identified here. *Id*.

The court also scrutinized the complete frivolity of the award, finding there was "scant information about what LAMP is except for . . . a seal containing several phrases—'De oppresso liber,' 'LAMP Common Law Arbitration,' and 'United States Unincorporated'" or what "each letter of the acronym LAMP stands for." *Id*. The court concluded that such a fanciful award aligned "with the types of chicanery offered by so-called sovereign citizens—'persons who through name changes and pseudo-legal documents consider and declare themselves to be free from obligations." *Id*. The district court denied plaintiff's motion, finding LAMP to be an "unexplained, if not phony entity." *Id*.

Finally, in *Melicia v. O'Shea*, 2020 WL 2512984 (W.D.N.C. May 15, 2020), the district court dismissed plaintiff's complaint as frivolous. *Melicia*, 2020 WL 2512984, at * 2. In rejecting the $2,558,000 LAMP award, the court reasoned the award "appears to be bogus, as it is nonsensical, and it does not appear to be awarded through a legitimate arbitration process." *Id*. The court also found plaintiff "had not shown that any valid arbitration award was ever entered against Defendants." *Id*. Thus, the district court was "satisfied that th[e] action should be dismissed as frivolous, as there appear[ed] to be no valid arbitration award." *Id.*

Plaintiff's action here to enforce a LAMP award, similar to the awards discussed in the above cases, fares no better. Like the plaintiffs in *Akrabian*, *Lankford*, and *Melicia*, Plaintiff seeks to confirm a multi-million dollar arbitration award without a showing of a valid arbitration agreement. Like the plaintiff in *Lankford*, Plaintiff relies on a LAMP award which identifies the same LAMP arbitrator Peter-Wilson: Jones and contains the same unsubstantiated LAMP seals. Plaintiff presents no facts about the qualifications of the LAMP arbitrators, what LAMP is or stands for, what the phrases on the LAMP seals mean, or what, if any, legal authority LAMP has to issue arbitration awards.

Plaintiff has also not presented sufficient facts to show that a valid contract existed between the parties or that the Defendants agreed to participate in arbitration.

Case No. 3:21-cv-919-TKW-HTC

Instead, Plaintiff merely relies on statements in the purported award that "[t]he parties entered into a legally binding contractual relationship." ECF Doc. 1 at 12. As the *Lankford* court makes clear, such statements are "insufficient to establish that [Plaintiff] and Wells Fargo, N.A. entered into a valid arbitration agreement." *Lankford*, 2020 WL 2183001 at * 2.

Whether a valid arbitration agreement was formed is governed by state contract law, which in Florida, "is made when the three elements of contract formation are present: offer, acceptance, and consideration." *Nationmotor Club Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-CV-81157, 2013 WL 6729664, at *9 (S.D. Fla. Oct. 29, 2013). Plaintiff's fanciful allegations and uncorroborated documents simply do not satisfy any of these elements. *See Schoendorf v. Toyota of Orlando*, No. 608-CV-767-ORL-19DAB, 2009 WL 1075991, at *10 (M.D. Fla. Apr. 21, 2009) ("As the party seeking to enforce the arbitration agreement, the burden is on the [Plaintiff] to establish . . . the existence of an arbitration agreement.").

In other words, given the striking similarities between Plaintiff's petition and the above cases, the undersigned finds this action to be completely frivolous. It is clear that federal courts have consistently rejected LAMP and the arguments Plaintiff advances.

### III. SANCTIONS UNDER RULE 11

Defendants also move for sanctions under Rule 11 in the form of reasonable attorneys' fees and costs on the ground that Plaintiff's petition is patently frivolous. ECF Doc. 17. Plaintiff alleges sanctions are not warranted because Defendants' "arguments are moot, frivolous, and time barred." ECF Doc. 21. The undersigned disagrees and recommends Defendants' motion be granted in part.

Rule 11 of the Federal Rules of Civil Procedure governs frivolous pleadings, motions, or other papers submitted in federal court.[4] "Rule 11 imposes affirmative duties upon attorneys and *pro se* litigants" alike. *Del Pino v. Am. Tel. & Tel. Co.*, 1990 WL 223473, at *2 (S.D. Fla. Sept. 7, 1990). By filing a pleading, an attorney or a *pro se* party certifies he has conducted a reasonable inquiry, and the pleading is well-grounded in fact, legally tenable, and is "not interposed for any improper purpose." *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 393 (1990); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "The standard for testing conduct under the rule is the objective standard of 'reasonableness under the circumstances,' a standard 'more stringent than the original good-faith formula.'" *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992) (quoting *U.S. Milam*, 855 F.2d 739, 743 (11th Cir. 1988)).

---

[4] There is no dispute in this case that Defendants complied with the safe harbor provisions before filing the Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(2).

Case No. 3:21-cv-919-TKW-HTC

In determining whether to impose sanctions, the Court employs a two-step inquiry to analyze "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citing *Worldwide Primates, Inc.*, 87 F.3d at 1254). This Circuit has defined a frivolous claim as one "so lacking in arguable merit as to be groundless or without foundation." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985).

In deciding whether to impose Rule 11 sanctions, "the court must take into account a plaintiff's *pro se* status." *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990). However, this Circuit has repeatedly held that "*pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, [or] abuse the already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston*, N.A., 808 F.2d 358, 359 (5th Cir. 1986)).

Defendants argue Plaintiff should have known when he filed this action that his claims were frivolous considering the holdings in *Akrabian*, *Lankford*, and *Melicia*. It is not clear, however, whether Plaintiff knew of these cases prior to filing this action, or that he would have been aware of them had he made a reasonable

inquiry. *See Grimshaw v. Metro. Life Ins. Co.*, No. 11-14165-CIV, 2011 WL 13319575, at *2 (S.D. Fla. Aug. 2, 2011) ("[I]t is important to remember that while Rule 11's obligations apply equally to a pro se litigant, a pro se litigant is not held to the same standard of legal competence and care as an attorney."). Additionally, the undersigned cannot infer from Plaintiff's doggedness, even if misguided, that his motive for filing this action was intended to harass the Defendants or filed for an improper purpose. *See Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993) (finding "there can be no doubt that this is a frivolous appeal . . . [h]owever, since this suit was filed pro se, we conclude that sanctions would be inappropriate."). Thus, the undersigned finds a monetary sanction to be inappropriate.

Plaintiff's *pro se* status, however, does not exclude him from the sanctions necessary to deter similar conduct. Indeed, this is not the first case Plaintiff has filed under the so-called "sovereign citizen" theory.[5] *See David Allen Young v. Equifax Credit, et al.*, 3:03cv250-RV; *David Young v. PNC Financial Services Group, Inc.*, et al., 3:13cv344-MCR-EMT; *David Young v. Wells Fargo Bank, N.A.*, et al., 3:14cv482; *David Young v. PNC Bank National Association*, 3:16cv298-RV-EMT. Each of those cases also involved Plaintiff's attempts to collect outlandish awards

---

[5] *See Gravatt v. United States*, 100 Fed. Cl. 279, 283, 286-289 (Fed. Cl. 2011) (explaining that "[s]o called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other this, avoid paying taxes, extinguish debts, and derail criminal proceedings.").

Case No. 3:21-cv-919-TKW-HTC

based on a defendant's alleged mishandling of legal documents. While the instant case may be the only case involving an arbitration agreement, such a distinction does not make Plaintiff's filing here any less vexatious. Notably, Plaintiff has previously been admonished for relying on "sovereign citizen" theories of recovery.

In *David Allen Young v. Wells Fargo Bank, et al.*, 3:14cv482-MCR-EMT, the court required Plaintiff to file an amended complaint because his "complaint appear[ed] to emanate from what has been described as the "Sovereign Citizen Movement." *Id.* at 3. The court advised Plaintiff that "[c]laims of this nature have been uniformly found to be subject to dismissal as frivolous." *Id.* Two years later, the court dismissed another action, *David Allen Young v. PNC Bank National Association*, 3:16cv298-RV-EMT, as frivolous finding that Plaintiff's "arguments and outlandish theories have been consistently rejected." 3:16cv298-RV-EMT, ECF Doc. 35 at 4.

Thus, the undersigned finds sanctions to be appropriate in the form of directing the clerk of court not to accept any future case filings from Plaintiff unless he is represented by counsel or upon Plaintiff obtaining prior leave of court to proceed *pro se*. *See Wakefield v. Sears, Roebuck & Co.*, No. 05-61152-CIV, 2008 WL 11399519, at *1 (S.D. Fla. Mar. 12, 2008), *report and recommendation adopted*, No. 05-61152-CIV, 2008 WL 11399613 (S.D. Fla. Apr. 2, 2008) (finding "no

sanction other than injunctive relief . . . sufficient to protect the Court and parties" where plaintiff had filed five *pro se* cases in which his demand for damages was "wholly without any factual basis in support and clearly . . . delusional as to the amounts sought."); *Floyd-Trinowski v. Ne. Fla. Health Servs., Inc.*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 10 (M.D. Fla. Sep. 19, 2016), *report and recommendation adopted*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 12 (M.D. Fla. Oct. 12, 2016) (requiring plaintiff's *pro se* filings to be pre-screened before being accepted by the court after plaintiff filed a "fourth insufficient and incomprehensible Complaint.").

Accordingly, it is ORDERED that:

1. Plaintiff's "Motion to Change Misrecorded Complaint Into a Petition" (ECF Doc. 11) is GRANTED only to the extent that Plaintiff's complaint shall be construed as a petition.

2. Plaintiff's "Motion and Demand to Show Cause" (ECF Doc. 21) is DENIED.

3. The clerk shall terminate Plaintiff's "motions" of objections (ECF Docs. 15, 20) and correct the docket entry to reflect these filings as objections.

Additionally, it is respectfully RECOMMENDED that:

1.     Defendants' "Motion to Dismiss Plaintiff's Complaint with Prejudice" (ECF Doc. 18) be GRANTED.

2.     Defendants' motion for Rule 11 sanctions (ECF Doc. 17) be GRANTED IN PART to the extent that the clerk is directed not to accept any future filings from Plaintiff unless he is represented by counsel or upon obtaining prior leave of court to proceed *pro se*.

At Pensacola, Florida, this 6th day of October, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.